IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| Plaintiff/Respondent, § | |
| § | |
| v. § | **CRIMINAL CASE NO. 2:20-CR-01223-1** |
| § | **CIVIL CASE NO. 2:23-CV-5** |
| **SEAN GRISS,** § | |
| Defendant/Movant. § | |

## MEMORANDUM OPINION AND ORDER

Defendant/Movant Sean Griss, *pro se*, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 165) and supplemental briefing (Dkt. No. 167).[1] Pending before the Court is the United States of America's (the "Government") Motion for Summary Judgment (Dkt. No. 178), to which Griss has responded (Dkt. No. 179) and filed supplemental evidence (Dkt. No. 183). For the reasons stated herein, the Government's motion is **GRANTED**, and Griss' Section 2255 motion is **DENIED**.

**I.     BACKGROUND**

Griss was charged with conspiracy to possess with intent to deliver more than 500 grams of cocaine. At the time of his arrest, he was on supervised release for his alien smuggling convictions in Criminal Case Nos. 6:15-CR-00051 and 2:16-CR-00707. About seven months later, while in custody in this case, Griss was indicted in Criminal Case No. 2:21-CR-00529 for conspiracy to commit public corruption and conspiracy to possess with

---

[1]     Docket numbers refer to the criminal case.

intent to distribute methamphetamine, after he and Landsie Leija ("Leija," Griss' girlfriend and the mother of his child) were caught bribing guards at the Coastal Bend Detention Center to smuggle methamphetamine to Griss while in custody.

Griss moved to suppress evidence of the cocaine in this case, which was found during a protective sweep of his residence. The Court held a hearing on the motion to suppress on May 13, 2021 and heard extensive evidence and arguments. After Griss moved to reopen the hearing based on his belief that agents had tried to influence Leija's testimony, a second suppression hearing was held on July 8, 2021. The Court issued a detailed Memorandum Opinion & Order denying the motion to suppress on September 13, 2021. (Dkt. No. 104).

Following the denial of his motion to suppress, Griss entered an unconditional guilty plea. His plea was pursuant to a written plea agreement in which he waived his right to appeal or collaterally attack his conviction or sentence, except to raise a claim of ineffective assistance of counsel. The Court sentenced Griss to 78 months' imprisonment and 4 years' supervised release in this case, to run concurrent with his sentence in Case No. 2:21-CR-00529, as well as his sentences in Case Nos. 6:15-CR-00051 and 2:16-CR-00707 for the revocations of his supervised release.

Judgment was entered March 11, 2022. Griss did not appeal. He filed the present motion under 28 U.S.C. § 2255 on January 3, 2023. It is timely.

## II. GRISS' ALLEGATIONS

Griss' Section 2255 motion raises four grounds for relief:

1) Trial counsel was constitutionally ineffective prior to Griss' guilty plea because he ignored Griss' repeated requests for independent laboratory testing and a "re-weigh" of the cocaine and ignored Griss' insistence that he did not want to plead guilty to more than 500 grams of cocaine. He also refused to challenge the drug quantity at sentencing;

2) Trial counsel was constitutionally ineffective with respect to Griss' guilty plea because Griss never saw or signed physical copies of the stipulation of facts or plea agreement;

3) Trial counsel was constitutionally ineffective at Griss' second suppression hearing because he failed to subpoena Leija to testify or ask the Court to find that Government agents intimidated a defense witness; and

4) The Government engaged in prosecutorial misconduct and witness intimidation, which violated Griss' right to a fair suppression hearing.

## III. LEGAL STANDARDS

### A. 18 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

An ineffective assistance of counsel allegation presented in a Section 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id*. at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter*, 131 F.3d at 463.

Before deciding whether to plead guilty, a defendant is entitled to "the effective assistance of competent counsel." *Padilla v. Kentucky*, 559 U.S. 356, 364–65 (2010) (quoting

4

*McMann v. Richardson*, 397 U.S. 759, 771 (1970), and citing *Strickland*, 466 U.S. at 686). *Strickland's* two-part analysis applies to claims of ineffective assistance of counsel in this context. *E.g., Hill v. Lockhart*, 474 U.S. 52, 57 (1985). During this stage of a proceeding, the Supreme Court has reiterated that counsel has "the critical obligation . . . to advise the client of 'the advantages and disadvantages of a plea agreement.'" *Padilla*, 559 U.S. at 370 (citing *Libretti v. United States*, 516 U.S. 29, 50–51 (1995)). "It is the lawyer's duty to ascertain if the plea is entered voluntarily and knowingly," and the "lawyer must actually and substantially assist his client in deciding whether to plead guilty." *United States. v. Cavitt*, 550 F.3d 430, 440 (5th Cir. 2008) (quoting and *citing Herring v. Estelle*, 491 F.2d 125, 128 (5th Cir. 1974)). "It is his job to provide the accused an understanding of the law in relation to the facts." *Id.* "The advice he gives need not be perfect, but it must be reasonably competent." *Id.* In this context, the prejudice prong requires the prisoner to demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Smith*, 844 F.2d 203, 209 (5th Cir. 1988) (quoting *Hill*, 474 U.S. at 59). "The test is objective; it turns on what a reasonable person in the defendant's shoes would do." *Id.* at 209; *accord Padilla*, 559 U.S. at 372 ("[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.").

IV. **ANALYSIS**

    A. **INEFFECTIVENESS AS TO GUILTY PLEA AND DRUG QUANTITY**

In Ground One of his motion, Griss alleges that his counsel was ineffective because he ignored Griss' multiple requests for an "independent lab analysis [of the cocaine] and

5

a re-weigh of the physical evidence." (Dkt. No. 167, p. 5). Griss claims that he specifically told trial counsel, "in writing and on several occasions," that he "did not wish to plead guilty to the statute of possessing more than 500 grams of cocaine," but "all of my wishes and requests were ignored." (*Id.*). Finally, Griss complains that when he told counsel he wanted to challenge the drug quantity at sentencing, counsel responded that the Government would take his objection to drug quantity as a renege of his plea agreement.

"A voluntary and unconditional guilty plea has the effect of waiving all nonjurisdictional defects in the prior proceedings." *United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999) (citing *McMann v. Richardson*, 397 U.S. 759, 766 (1970); *Busby v. Holman*, 356 F.2d 75, 77 & n. 3 (5th Cir. 1966) (collecting cases)). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991) (citation omitted). "This includes all [ineffective assistance of counsel] claims 'except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary.'" *United States v. Palacios*, 928 F.3d 450, 455 (5th Cir. 2019) (quoting *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000)).

In determining the voluntariness of a plea, a court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). With respect to sentencing, a guilty plea is considered knowing and voluntary so long as a

6

defendant knows "the maximum prison term and fine for the offense charged." *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (quoting *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)). As long as Griss "'understood the length of time he might possibly receive, he was fully aware of his plea's consequences.'" *See Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir. 1982) (quoting *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981)).

Griss affirmed under oath at rearraignment that he had discussed his charges with counsel and understood the charges. (Dkt. No. 176, 10/5/2021 Hrg. Tr. at 7:23–8:11). He stated that he understood his right to a trial and his rights at trial, and he was waiving those rights. (*Id.* at 8:23–10:13). The Court specifically addressed that the amount of cocaine involved in the case was more than 500 grams, and he affirmed that he understood that was one of the elements of his offense. (*Id.* at 10:22–11:12). Griss acknowledged the maximum punishment and stated that he had discussed the sentencing procedures with counsel. (*Id.* at 12:7–14:12). He affirmed that no one had threatened or forced him to plead guilty, and no one had promised him leniency. (*Id.* at 14:18-25). He also affirmed that the plea agreement was accurately described, the stipulation of facts was true and correct, and he had given counsel permission to sign both documents. (*Id.* at 17:1-19, 19:13–20:5). The Court accepted Griss' guilty plea after being satisfied that he was competent to enter a plea, there was a factual basis for the plea, he understood the consequences of entering a plea, and he was voluntarily and knowingly pleading guilty. (*Id.* at 20:9-19). Griss' sworn statements in open court are entitled to a strong presumption of truthfulness. *See United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Indeed, the Fifth

Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002). A signed, unambiguous plea agreement is also accorded great evidentiary weight when deciding if the plea is entered voluntarily. *See Bonvillan v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986).

The evidence before the Court shows that Griss' guilty plea was knowing and voluntary. He therefore waived his claim regarding counsel's alleged failure to verify laboratory test results or drug weights. Finally, because the 500-gram threshold of cocaine was an element of the offense to which Griss pled guilty, counsel's advice that the Government would consider Griss' challenge to drug quantity at sentencing as a renege of his plea agreement was not erroneous.

Accordingly, Griss' claim in Ground One is denied.

### B.     INEFFECTIVENESS AS TO STIPULATION OF FACTS AND PLEA AGREEMENT

In Ground Two, Griss claims that counsel was ineffective during the plea-bargaining phase because Griss "never saw, nor signed a stipulation of facts or plea agreement." (Dkt. No. 165, p. 6). He maintains that he "did not know [he] was pleading to exactly 500 grams or more" of cocaine and "cannot be [bound] by a 'stipulation of facts' or a plea agreement [he] never physically saw nor physically signed." *Id.*

Griss' contention that he did not know he was pleading guilty to an amount of cocaine greater than 500 grams is demonstrably false. The stipulation of facts provided that "the overall scope of the conspiracy involved more than 500 grams" and that Griss "knew or reasonably should have known that the scope of the conspiracy involved more than 500 grams of cocaine." (Dkt. No. 120, p. 2). Griss stated under oath during

8

rearraignment that: he read the stipulation of facts and discussed it with counsel, the stipulation of facts was true and correct, and he gave counsel permission to sign the stipulation of facts. (Dkt. No. 176 at 19:13–20:5). Griss also affirmed that: the plea agreement filed with the Court (Dkt. No. 121) was the agreement he reached with the Government, he understood the plea agreement, and he gave counsel permission to sign the plea agreement. (Dkt. No. 176 at 17:1-19).

Griss' sworn statements in open court belie his assertions that he was unaware he was pleading guilty to more than 500 grams of cocaine and that he can't be bound by the plea agreement or stipulation of facts. His claim in Ground Two is denied.

### C. INEFFECTIVENESS REGARDING WITNESS INTIMIDATION

In Ground Three of his motion, Griss alleges "ineffective assistance of counsel regarding prosecutorial misconduct." (Dkt. No. 165, p. 7). Griss claims that Leija was scheduled to appear as a defense witness at the first hearing on his motion to suppress, but she changed her story after being intimidated by Government agents the day before the hearing. Griss states that counsel was ineffective for failing to subpoena Leija to testify at the second suppression hearing and for failing to ask the Court to find that Government agents intimidated a defense witness.

When Griss pled guilty, he waived his right to claim that counsel was ineffective for failing to subpoena Leija or request a finding that Government agents intimidated a defense witness. *See Wise*, 179 F.3d at 186. His claim in Ground Three is denied.

### D.   PROSECUTORIAL MISCONDUCT AND WITNESS INTIMIDATION

In Ground Four, Griss alleges that his right to a fair suppression hearing was violated when counsel for the Government and other federal agents "committed prosecutorial misconduct and violated my rights by questioning my star witness Leija about what my attorney had planned for the suppression hearing," including "about what I was going to say." (Dkt. No. 167, p. 12).

Griss' claim of prosecutorial misconduct was waived by his written plea agreement and his voluntary guilty plea. *See Wise*, 179 F.3d at 186. This claim is also procedurally defaulted because Griss failed to raise it on appeal. *See United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999) (""[I]t is well settled that where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the movant can first demonstrate either (1) cause and prejudice, or (2) that he is 'actually innocent' of the crime for which he was convicted."). Griss states that he did not raise this issue on appeal because Leija did not execute her most recent affidavit swearing to the Government's misconduct until very recently and because he waived his right to appeal in his plea agreement. Griss was clearly aware of the alleged facts giving rise to his prosecutorial misconduct claim before the deadline to appeal, as they formed the basis for his motion to reopen the suppression hearing and were presented to the Court during his second suppression hearing. Moreover, the fact that Griss waived his right to appeal did not relieve him of the requirement to raise his prosecutorial misconduct claim on appeal. *See, e.g., United States v. Eaton*, 2000 WL 235261, at *6 (E.D. La. Feb. 29, 2000) (citing *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991)

10

("The Supreme Court has emphasized repeatedly that a collateral challenge may not do service for an appeal. After conviction and exhaustion *or waiver of any right to appeal*, we are entitled to presume that the defendant stands fairly and finally convicted.") (emphasis added) (internal citations and quotations omitted)). The Court further notes that Griss also waived his right to file a motion under 28 U.S.C. § 2255 in his written plea agreement, but that did not prevent him from filing the current Section 2255 motion.

Griss' allegations of prosecutorial misconduct are barred by waiver and procedurally defaulted. His claim in Ground Four is denied.

V.   **CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Griss has not yet filed a notice of appeal, the Section 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a Section 2255 movant to demonstrate that

reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Griss is not entitled to a COA. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, the Government's Motion for Summary Judgment (Dkt. No. 178) is **GRANTED**, and Griss' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 165) is **DENIED**. Griss is further **DENIED** a Certificate of Appealability.

It is SO ORDERED.

Signed on June 5, 2023.

                                                                                    _____
                                                                                    **DREW B. TIPTON**
                                                                                    **UNITED STATES DISTRICT JUDGE**